**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

**DIANA SCIORTINO**, *Individually and On Behalf of All Others Similarly Situated*,

> Plaintiff,

v.

**TRI CITY FOODS, INC.** and **TRI CITY FOODS OF ILLINOIS LLC.**

> Defendants.

Civil Case No.:

**COLLECTIVE AND CLASS ACTION COMPLAINT**

**JURY DEMAND**

Plaintiff Diana Sciortino, individually and on behalf of all others similarly situated, by and through her attorneys, hereby brings this Collective and Class Action Complaint against Defendants Tri City Foods, Inc. and Tri City Foods of Illinois LLC. (collectively "Defendants" or "Tri City Foods"), and alleges of her own knowledge and conduct and upon information and belief as to all other matters, as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for herself and all other similarly situated collective members, to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs as a result of Defendants' willful violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and attendant regulations at 29 C.F.R. § 516, *et seq*.

2. Plaintiff also brings this action for herself and all other similarly situated Rule 23 class members to recover unpaid wages, liquidated (treble) damages, statutory monthly damages penalties, and reasonable attorneys' fees and costs as a result of Defendants' willful violation of the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/1, *et seq*. ("IMWL") and the Illinois Wage Payment and Collection Act, 820 Ill. Comp. Stat. 115/1, *et seq*. ("IWPCA").

3.      Tri City Foods operates restaurants "in eight Midwestern states" and has is "the second largest Burger King franchisee with annual revenues exceeding $420 million."[1]

4.      Tri City Foods has violated the wage laws by engaging in illegal policies and practices of altering and shaving time off hourly restaurant workers' time records, thereby failing to compensate them for all hours worked.

5.      As a result of Tri City Foods's illegal pay policies and practices, Plaintiff and other hourly restaurant workers were deprived of the hard-earned wages including overtime at a rate of not less than one and one-half times the regular rate of pay for hours worked over forty per week.

6.      Plaintiff asserts the FLSA claims on behalf of a putative FLSA collective, defined as:

> *All Hourly-Paid Restaurant Workers employed by Tri City Foods at any time from three (3) years prior to the filing of this Complaint through the date of judgment.*

7.      Plaintiff seeks to send a Notice pursuant to 29 U.S.C. § 216(b) to all putative collective members permitting them to assert FLSA claims in this collective action by filing their individual consent forms.

8.      Plaintiff asserts the IMWL and IWPCA claims on behalf of a putative class pursuant to Fed. R. Civ. P. 23, defined as:

> *All Hourly-Paid Restaurant Workers employed by Tri City Foods in the State of Illinois at any time during the applicable statutory periods for the IMWL and IWPCA claims alleged in this Complaint.*

9.      At all relevant times, Defendant has willfully and intentionally committed widespread wage theft violations of the above-described statutes and corresponding regulations, in the manner described herein.

---

[1] *See* Tri City Foods, Inc.'s website https://www.3cityfoods.com/about_us.aspx (last accessed March 17, 2020).

10.     Plaintiff further brings an individual claim under the Biometric Information Privacy Act ("BIPA"), 740 ILCS § 14/1, *et seq.* for Tri City Foods' unlawful collection, use and storage of Plaintiff's sensitive and proprietary biometric data.

## JURISDICTION AND VENUE

11.     This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. § 201, *et seq.*

12.     This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367 because those claims derive from a common nucleus of operative facts as Plaintiff's federal claims and employment with Defendants.

13.     This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice.

14.     This Court has personal jurisdiction over Defendants because Defendants conduct business within and maintains systematic and continuous contacts with the State of Illinois.

15.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because Defendants are deemed to reside where it is subject to personal jurisdiction, rendering Defendants residents of this judicial district and because a substantial portion of the events that give rise to the Plaintiff's asserted claims occurred in this district.

## THE PARTIES

16.     Defendant Tri City Foods, Inc. is a for-profit entity created and existing under and by virtue of the laws of the State of Delaware.

17.     Defendant Tri City Foods of Illinois LLC. is a for-profit entity created and existing under and by virtue of the laws of the State of Delaware.

18.     According to the Illinois Secretary of State website, Tri City Foods of Illinois LLC. has the following designated agent: Illinois Corporation Service C, 801 Adlai Stevenson Drive, Springfield, IL 62703.

19.     According to the Illinois Secretary of State website, Tri City Foods of Illinois LLC. has the following identified manager: Shoukat Dhanani, 4415 Highway 6, Sugar Land, TX 77478.

20.     According to its website, Tri City Foods has the following officers:[2]

- Shoukat Dhanani, President and Chief Executive Officer; and
- Ashraf Meghani, Chief Financial Officer.

21.     According the Tri City Foods website and Plaintiff's pay records, Tri City Foods maintains a principal place of business at 1400 Opus Place, Suite 900, Downers Grove, IL 60515.

22.     Plaintiff Diana Sciortino ("Sciortino") is an adult resident of the County of Cook and State of Illinois.

23.     Ms. Sciortino was employed by Tri City Foods as an hourly-paid employee from approximately August 2016 through February 2020.

24.     Tri City Foods employed Ms. Sciortino to work as an hourly-paid cashier/crew member/guest representative.

25.     Tri City Foods employed Ms. Sciortino to work at the following locations:

- Store #121: 7133 West Dempster Niles, Illinois 60714-2131; and
- Store # 119: 1205 East Central Road Mt Prospect, Illinois 60056-2648.

26.     Ms. Sciortino' hourly rate was $10.75 when she was separated from Tri City Foods.

---

[2] *See* https://www.3cityfoods.com/executive_profile.aspx (last accessed March 17, 2020).

27.     Ms. Sciortino's written consent to become an FLSA party plaintiff is attached hereto as **Exhibit 1**.

## FACTUAL ALLEGATIONS

28.     Plaintiff repeats and realleges all preceding paragraphs of the Complaint, as if fully set forth herein.

29.     At all relevant times alleged herein, Defendants have operated and controlled an enterprise engaged in commerce as defined under the FLSA.

30.     At all relevant times alleged herein, Defendants have generated over $500,000.00 in revenue per year.

31.     At all relevant times alleged herein, Defendants were/are the "employer" of the Plaintiff and the putative collective/class members within the meaning of 29 U.S.C § 203(d), 820 Ill. Comp. Stat. 105/3(c) and 820 Ill. Comp. Stat. 115/2.

32.     Defendants knowingly "suffered or permitted" Plaintiff and the putative collective/class members to work and thus "employed" them within the meaning of 29 U.S.C. §203(g), 820 Ill. Comp. Stat. 105/3(d) and 820 Ill. Comp. Stat. 115/2.

33.     Defendants, directly or indirectly, hired the Plaintiff and the putative collective/class members and determined the rate and method of the payment of their wages.

34.     Defendants controlled the work schedules, duties, protocols, applications, assignments and work conditions of Plaintiff and the putative collective/class members.

35.     At all relevant times alleged herein, Plaintiff and the putative collective/class members performed job duties that do not fall within any exemptions from overtime under the FLSA and IMWL.

36.     An implied-in-fact agreement existed between Defendants and Plaintiff and the putative collective/class members that they were to be compensated for all hours worked during their employment with Defendants.

37.     Plaintiff regularly worked over forty (40) hours a week in several workweeks.

38.     In several workweeks, management required Plaintiff the and the putative collective/class members to perform work over forty (40) hours per week.

39.     Plaintiff and the putative collective/class members recorded their working time through a point-of-sale ("POS") register time clock system using their biometric fingerprints.

40.     Management altered the punched in/out time and shaved the hours initially recorded by Plaintiff and the putative collective/class members.

41.     In several workweeks, management required Plaintiff to work over forty hours within the week but altered her time records down to less than forty hours a week.

42.     As a result of the Defendants' illegal policies and practices stated herein, Plaintiff and the putative collective/class members were not compensated for all hours worked.

43.     As a result of Defendants' illegal pay policies and practices, Plaintiff and other hourly restaurant workers were deprived of the hard-earned wages including overtime at a rate of not less than one and one-half times the regular rate of pay for hours worked over forty per week.

44.     Defendants' wrongful acts and/or omissions/commissions, as alleged herein, have not been exercised in good faith or in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the state and/or U.S. Department of Labor or any administrative practice or enforcement policy of such a department or bureau.

45.     Defendants' widespread violations of the above-described federal and state wage and hour statutes and regulations were willful, arbitrary, unreasonable and/or in bad faith.

46.     Defendants collected, stored and used Plaintiff's biometric fingerprints without complying with the BIPA requirements.

47.     Defendants did not inform Plaintiff in writing of the specific purpose and length of time for which her fingerprints were being collected, stored and used, as required by BIPA.

48.     Defendants did not provide a publicly available retention schedule and guidelines for permanently destroying Plaintiff's fingerprints, as required by BIPA.

49.     Defendants did not obtain a written release from Plaintiff to collect, store and use her fingerprints, as required by BIPA.

## COLLECTIVE ACTION ALLEGATIONS

50.     Plaintiff repeats and realleges all preceding paragraphs of the Complaint, as if fully set forth herein.

51.     Plaintiff brings this action pursuant to Section 216(b) of the FLSA, as an opt-in representative action, on behalf of all hourly-paid restaurant workers who have been affected by Defendants' common unlawful policies and practices of failing to properly pay overtime wages, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and attendant regulations at 29 C.F.R. § 516, *et seq.*

52.     Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on behalf of:

> *All Hourly-Paid Restaurant Workers employed by Tri City Foods at any time from three (3) years prior to the filing of this Complaint through the date of judgment.*

Plaintiff reserves the right to amend this definition as necessary.

53.     Plaintiff brings this collective action against Defendants to recover unpaid overtime compensation, liquidated damages, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

54. The collective action further alleges a willful violation of the FLSA and is covered by a third year of limitations.

55. Plaintiff seeks to send Notice to all similarly situated hourly-paid restaurant workers as provided by 29 U.S.C. § 216(b) and supporting case law.

56. Certification of the collective action under the FLSA is appropriate because the employees described herein are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b). The class of employees on behalf of whom Plaintiff brings this collective action are similarly situated because: (a) they had the same job positions and performed the same or similar job duties as one another on behalf of Defendants; (b) they were subject to the same or similar unlawful policies and practices as stated herein; and (c) their claims are based upon the same factual and legal theories.

57. Plaintiff anticipates that there will be no difficulty in the management of this litigation. This litigation presents claims under the FLSA, a type that have often been prosecuted on a class wide basis, and the manner of identifying the collective and providing any monetary relief to it can be effectuated from a review of Defendants' records.

58. Plaintiff and the putative FLSA collective members demand a trial by jury.

## <u>RULE 23 CLASS ACTION ALLEGATIONS</u>

59. Plaintiff re-alleges and incorporates all previous paragraphs herein.

60. Plaintiff also seeks to maintain this action pursuant to Fed. R. of Civ. P. 23, as an opt-out class action, on behalf all hourly-paid restaurant workers who have been affected by Defendants' common unlawful policy and practice of failing to pay wages for all hours worked, in violation of the IMWL and IWPCA.

61. Plaintiff brings this Rule 23 class action on behalf of:

> *All Hourly-Paid Restaurant Workers employed by Tri City Foods in the*
> *State of Illinois at any time during the applicable statutory periods for the*
> *IMWL and IWPCA claims alleged in this Complaint.*

Plaintiff reserves the right to amend this definition as necessary.

62.     Plaintiff brings this Rule 23 class action against Defendants to recover up to treble damages of unpaid wages, statutory monthly damages penalty, and reasonable attorneys' fees and costs pursuant to the IMWL and IWPCA.

63.     The members of the Rule 23 class are so numerous that joinder of all class members in this case would be impractical. Plaintiff reasonably estimates that there are a substantial number of class members in the State of Illinois. The Rule 23 class members should be easy to identify from Defendants' payroll and personnel records.

64.     There is a well-defined community of interest among the Rule 23 class members and common questions of law and fact predominate in this action over any questions affecting each individual class member.

65.     Plaintiff's claims are typical of those of the Rule 23 class members in that she and all other class members suffered damages as a direct and proximate result of Defendants' common and systemic payroll policies and practices. All of the class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay wages for all hours worked. Any lawsuit brought by an employee of Defendants would be identical to a suit brought by any other employee for the same violations and separate litigation would cause a risk of inconsistent results.

66.     Plaintiff was employed by Defendants in the same capacity as all of the class members. All class members were treated the same or similarly by management with respect to pay or lack thereof. This treatment included, but was not limited to, failure to pay for all

hours worked. Thus, there are common questions of law and fact which are applicable to each and every one of the class members.

67.     Plaintiff will fully and adequately protect the interests of the class members and has retained counsel who are qualified and experienced in the prosecution of nationwide wage and hour class actions. Plaintiff and her counsel do not have interests that are contrary to, or conflicting with, the interests of the class members.

68.     Defendants' corporate-wide policies and practices affected all class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each class member. Plaintiff's claim arises from the same legal theories as all other class members. Therefore, this case will be more manageable and efficient as a Rule 23 class action. Plaintiff and her counsel know of no unusual difficulties in this case.

69.     Plaintiff and the Rule 23 class members demand a trial by jury.

**FIRST CLAIM FOR RELIEF**
**Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.**
**(Brought by Plaintiff Individually and on Behalf of the FLSA Collective)**
**Failure to Pay Overtime Wages**

70.     Plaintiff repeats and realleges all preceding paragraphs of the Complaint, as if fully set forth herein.

71.     Defendants employed Plaintiff and the FLSA collective members as hourly-paid restaurant workers.

72.     Defendants, through management, altered the punch in/out time and shaved the hours recorded by Plaintiff and the FLSA collective members.

73.     Defendants failed to pay Plaintiff and the FLSA collective members for all hours worked.

74.     Defendants required Plaintiff and the FLSA collective members to work more than forty (40) hours in one or more workweeks.

75.     As a result of the Defendants' common illegal policies and practices stated herein, Defendants failed to pay Plaintiff and the FLSA collective members the required overtime compensation at a rate of not less than one and one-half (1.5) times the regular rate of pay for hours worked in excess of forty (40) per week.

76.     Defendants' uniform policies and practices, as described herein, were willful, intentional, unreasonable, arbitrary and in bad faith.

77.     Because Defendants willfully violated the FLSA, a three (3) year statute of limitations shall apply to such violation, pursuant to 29 U.S.C. § 255.

78.     As a result of Defendants' uniform policies and practices described above, Plaintiff and the FLSA collective members are illegally deprived of overtime wages earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C § 216(b).

### SECOND CLAIM FOR RELIEF
**Violation of the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/1, *et seq.***
**(Brought by Plaintiff Individually and on Behalf of the Rule 23 Class)**
**Failure to Pay Overtime Wages**

79.     Plaintiff repeats and realleges all preceding paragraphs of the Complaint, as if fully set forth herein.

80.     Defendants employed Plaintiff and the Rule 23 class members as hourly-paid restaurant workers.

81.     Defendants, through management, altered the punch in/out time and shaved the hours recorded by Plaintiff and the Rule 23 class members.

82.     Defendants failed to pay Plaintiff and the Rule 23 class members for all hours worked.

83. The IMWL requires employers to pay their employees minimum wages and time-and-a-half their regular rate of pay of hours worked in excess of forty (40) per week. *See* 820 Ill. Comp. Stat. 105/4 and 4a.

84. 820 Ill. Comp. Stat. 105/12(a) provides that an employee who is not paid in accordance with the Illinois Minimum Wage Law "may recover in a civil action treble the amount of any such underpayments together with costs and such reasonable attorney's fees as may be allowed by the Court, and damages of 5% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid."

85. Defendants owe Plaintiff and the Rule 23 class members wages for hours worked that were not compensated.

86. Defendants' uniform policies and practices, as described herein, have been willful, intentional, unreasonable, arbitrary and in bad faith.

87. As a result of Defendants' uniform policies and practices described above, Plaintiff and the Rule 23 class members are illegally deprived of wages earned, in such amounts to be determined at trial, and are entitled to recovery of treble damages of such total unpaid amounts, statutory monthly damages penalties, reasonable attorneys' fees, costs and other compensation pursuant to the IMWL.

### <u>THIRD CLAIM FOR RELIEF</u>
**Violation of the Illinois Wage Payment and Collection Act, 820 Ill. Comp. Stat. 115/1, *et seq*.**
**(Brought by Plaintiff Individually and on Behalf of the Rule 23 Class)**
**Failure to Pay Straight Time Wages**

88. Plaintiff repeats and realleges all preceding paragraphs of the Complaint, as if fully set forth herein.

89. Defendants employed Plaintiff and the Rule 23 class members as hourly-paid restaurant workers.

90.     An implied-in-fact agreement existed between Defendants and Plaintiff and the Rule 23 class members that they were to be compensated for all hours worked during their employment with Defendants.

91.     Defendants, through management, altered the punch in/out time and shaved the hours recorded by Plaintiff and the Rule 23 class members.

92.     Defendants failed to pay Plaintiff and the Rule 23 class members for all hours worked.

93.     Defendants owe Plaintiff and the Rule 23 class members wages for hours worked that were not compensated.

94.     820 Ill. Comp. Stat. 115/14 provides that "[a]ny employee not timely paid wages, final compensation, or wages supplements by his or her employer … shall be entitled to recover … in a civil action … the amount of any such underpayments and damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid. In a civil action, such employee shall also recover costs and all reasonable attorney's fees."

95.     As a result of Defendants' uniform policies and practices described above, Plaintiff and the Rule 23 class members are illegally deprived of wages earned, in such amounts to be determined at trial, and are entitled to recovery such total unpaid amounts, statutory monthly damages penalties, reasonable attorneys' fees, costs and other compensation pursuant to the IWPCA.

**FOURTH CLAIM FOR RELIEF**
**Violation of the Biometric Information Privacy Act, 740 ILCS § 14/1, *et seq.***
**(Brought by Plaintiff Individually)**

96.     Plaintiff repeats and realleges all preceding paragraphs of the Complaint, as if fully set forth herein.

97.     Recognizing the 'very serious need [for] protections for the citizens of Illinois when it [came to their] biometric information,' Illinois enacted BIPA in 2008. See Illinois House Transcript, 2008 Reg. Sess. No. 276; 740 ILCS § 14/5.

98.     BIPA is an informed consent statute which achieves its goal by making it unlawful for a company to, among other things: collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first:

1) informs the subject in writing that a biometric identifier or biometric information is being collected, stored and used;

2) informs the subject in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and

3) receives a written release executed by the subject of the biometric identifier or biometric information.

*See* 740 ILCS § 14/l5(b).

99.     BIPA specifically applies to employees who work in the State of Illinois. BIPA defines a "written release" specifically "in the context of employment [as] a release executed by an employee as a condition of employment." 740 ILCS § 14/10.

100.    Biometric identifiers include retina and iris scans, voiceprints, scans of hand and face geometry, and – most importantly here – fingerprints. *See* 740 ILCS § 14/10. Biometric information is separately defined to include any information based on an individual's biometric identifier that is used to identify an individual. *Id.*

101.    BIPA also establishes standards for how companies must handle Illinois citizens' biometric identifiers and biometric information. *See*, e.g., 740 ILCS § 14/lS(c)-(d). For example, BIPA prohibits private entities from disclosing a person's or customer's biometric identifier or biometric information without first obtaining consent for that disclosure. *See* 740 ILCS § 14/15(d)(l).

102.    Defendants collected, stored and used Plaintiff's biometric fingerprints without complying with the BIPA requirements.

103.    Defendants did not inform Plaintiff in writing of the specific purpose and length of time for which her fingerprints were being collected, stored and used, as required by BIPA.

104.    Defendants did not provide a publicly available retention schedule and guidelines for permanently destroying Plaintiff's fingerprints, as required by BIPA.

105.    Defendants did not obtain a written release from Plaintiff to collect, store and use her fingerprints, as required by BIPA.

106.    BIPA provides that, for each violation, the prevailing party may recover $5,000, or actual damages, whichever is greater, for intentional or reckless violations as well as reasonable attorneys' fees and costs. 740 ILCS § 14/20.

107.    In failing to comply with the requirements of BIPA, Defendants intentionally interfered with Plaintiff's right of possession and control over her valuable, unique, and permanent biometric data.

108.    Because Defendants violated the BIPA as stated herein, Plaintiff is entitled to recovery such statutory damages, reasonable attorneys' fees, costs and other compensation pursuant to the BIPA.

### **PRAYER FOR RELIEF**

   **WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief against Defendants, and each of them, individually, jointly and severally, as follows:

(A)    A declaratory judgment that Defendants' wage practices alleged herein violate the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

(B)    A declaratory judgment that Defendants' wage practices alleged herein violate the IMWL and IWPCA;

(C)    A declaratory judgment that Defendants' polices and practices herein violate the BIPA;

(D)    An Order for injunctive relief ordering Defendants to comply with the FLSA, IMWL and IWPCA, and end all of the illegal wage practices alleged herein;

(E)    An Order for injunctive relief ordering Defendants to comply with the BIPA, and end all of the illegal policies and practices alleged herein;

(F)    Certifying this action as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein;

(G)    Certifying this action as a class action pursuant to Fed R. Civ. P. 23 with respect to the IMWL and IWPCA claims set forth herein;

(H)    Ordering Defendants to disclose in computer format, or in print if no computer readable format is available, the names, addresses, e-mail addresses, telephone numbers, dates of birth, job titles, dates of employment and locations of employment of all FLSA collective and Rule 23 class members;

(I)    Authorizing Plaintiff's counsel to send notice(s) of this action to all FLSA collective and Rule 23 class members, including the publishing of notice in a manner that is reasonably calculated to apprise the FLSA collective members of their rights by law to join and participate in this lawsuit;

(J)    Designating Lead Plaintiff as the representative of the FLSA collective and Rule 23 class in this action;

(K)    Designating the undersigned counsel as counsel for the FLSA collective and Rule 23 Class in this action;

(L)     Judgment for damages for all unpaid wages and liquidated damages to which Plaintiff and the FLSA collective members are lawfully entitled under the FLSA, 29 U.S.C. § 201, *et seq.,* and attendant regulations at 29 C.F.R. § 516, *et seq.*;

(M)     Judgment for damages for treble damages of unpaid wages and statutory monthly damages penalties to which Plaintiff and the Rule 23 class members are lawfully entitled under the IMWL;

(N)     Judgment for damages for unpaid wages and statutory monthly damages penalties to which Plaintiff and the Rule 23 class members are lawfully entitled under the IWPCA;

(O)     An incentive award for the Lead Plaintiff for serving as a representative of the FLSA collective and Rule 23 class in this action;

(P)     An Order directing Defendant to pay Plaintiff and members of the collective/class reasonable attorney's fees and all costs connected with this action pursuant to the FLSA, IMWL and IWPCA;

(Q)     Judgment for damages for statutory damages, attorneys' fees and costs to which Plaintiff is lawfully entitled under the BIPA;

(R)     Judgment for any and all civil penalties to which Plaintiff and members of the collective/class may be entitled; and

(S)     Such other and further relief as to this Court may deem necessary, just and proper.

## JURY DEMAND

Plaintiff, individually and on behalf of all other FLSA collective and Rule 23 class members, by and through her attorneys, hereby demand a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled claims.

Dated: March 26, 2020                    Respectfully submitted,


                              By:    /s/  Jason T. Brown
                                     Jason T. Brown
                                     **BROWN, LLC**
                                     205 North Michigan Avenue, Suite 810
                                     Chicago, Illinois 60601
                                     Telephone: (877) 561-0000
                                     Facsimile: (855) 582-5297
                                     E-Mail: jtb@jtblawgroup.com

                                     *Attorneys for Plaintiff*